IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**INARA CEDRINS,**

    **Plaintiff,**

**v.**                                                                    **No. CIV-09-557 RB/RHS**

**CENTRAL NEW MEXICO**
**COMMUNITY COLLEGE,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

THIS MATTER comes before the Court on Defendant Central New Mexico Community College's ("CNM") Motion to Dismiss (Doc. 10), filed July 2, 2009. Pro se plaintiff Inara Cedrins has not responded to the motion, but she did file an objection, with attached exhibits, to CNM's motion for a protective order, which the Court will liberally also consider in ruling on CNM's motion to dismiss because Cedrins refers to the motion to dismiss in her objection. Because Cedrins has failed to allege sufficient facts in her Complaint to invoke this Court's subject-matter jurisdiction, the Court will dismiss the Complaint.

CNM makes a facial attack, asserting that the Court must dismiss Cedrins' Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Accordingly, the Court accepts the allegations set forth in Cedrins' Complaint as true and analyzes the sufficiency of the Complaint. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009) ("A facial attack on the complaint's allegations regarding subject matter jurisdiction questions the complaint's sufficiency and requires the court to accept the allegations as true."). According to Cedrins' Complaint and the supporting documents she has submitted, at a professor's request, Cedrins was

arrested and forcibly removed from a paralegal class that was in session at CNM because Cedrins was not yet registered for the course and had not satisfied its prerequisites, but she would not voluntarily leave when the professor and the police asked her to do so. *See* Complaint at 1 (Doc. 1); Doc. 12, Exs. 4, 11. CNM denied consent for Cedrins to return to the campus until she met with the Student Discipline officer, *see* Doc. 12, Exs. 12 & 19, and Cedrins states that she was "blocked from enrolling" for classes for the summer term, *see* Complaint at 1.

Besides the case at bar, Cedrins has filed three additional complaints in two state district courts and one metropolitan court arising from the incident. She sued CNM for "intentional infliction of emotional and financial distress, damage to academic career and ability to earn, false arrest, and false imprisonment" in the First Judicial District Court; she sued CNM for damages for losses resulting from her arrest in Metropolitan Court; and she has filed an additional suit for false arrest and false imprisonment and for unlawful seizure of personal belongings against the Albuquerque Police Department in the Second Judicial District Court. Complaint at 2. According to CNM, Cedrins' state-court suits against it were dismissed in June 2009. (*See* Doc. 10 at 1.)

Cedrins brings her federal Complaint by attempting to invoke federal-question jurisdiction under "Title IX," asserting a "right to enroll as a student" at CNM. *See* Complaint at 1 and Civil Cover Sheet. She seeks injunctive relief requiring CNM to allow her "to enroll and register for classes," *see* Complaint at 2, and also seeks future compensation "for any additional periods for which Plaintiff is without the ability to learn skills necessary for a career in the legal field," *id.* at 3.

Title IX provides, in pertinent part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

"Title IX explicitly confers a benefit on persons discriminated against on the basis of sex." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 694 (1979). Title IX conditions "an offer of federal funding on a promise by the recipient not to discriminate . . . ." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998).

In her objection to staying discovery pending resolution of the motion to dismiss, and in response to CNM's contention that her Complaint does not state a federal question, Cedrins uses the word "discriminate" for the first time, contending, "[t]his is a federal issue: an educational institution cannot be allowed to discriminate against a student, for the flimsy reason that the chair of the department acted irrationally . . . ." (Doc. 12 at 3.) But nowhere in her Complaint or in her briefs or supporting documents does Cedrins allege or show facts indicating that she has been discriminated against on the basis of her sex. She has not, therefore, stated facts giving rise to this Court's federal-question jurisdiction under Title IX. *See Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("Although we must liberally construe plaintiff's factual allegations, we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.") (citation omitted); *Smith*, 561 F.3d at 1096 (noting that, "on several occasions [the Court has] dismissed pro se complaints for failure to allege sufficient facts").

Further, "[e]ducation, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973); *Villanueva v. Carere*, 85 F.3d 481, 488 (10th Cir. 1996) (noting that "education is not a fundamental right in the United States"). Contending that CNM did not allow Cedrins to enroll in college and removed her from a class in which she was not registered is not sufficient to allege violation of a constitutional right. Cedrins has not moved to amend her Complaint, and nothing in her Complaint or supporting documents

3

indicates that she is attempting to state a federal cause of action for anything other than CNM removing her from a class for which she was not registered, its refusal to allow her on campus without meeting with the student discipline officer, and its alleged decision to block her enrollment for summer classes.

"A plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). But "[a] claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Id.* n.10 (internal quotation marks omitted). Cedrins has failed to state sufficient facts on the face of her Complaint to present a colorable federal question that would give rise to this Court's subject-matter jurisdiction, and her Complaint must be dismissed.

**NOW, THEREFORE, IT IS ORDERED** that CNM's Motion to Dismiss [Doc. 10] is GRANTED and that Cedrin's Complaint is dismissed without prejudice in its entirety for lack of subject-matter jurisdiction.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**